# AGNIFILO
# INTRATER

July 6, 2026

**VIA ECF**
The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

     Re:    *CFTC v. Gannon Ken Van Dyke*, 1:26-cv-03369 (S.D.N.Y)

Dear Judge Carter:

Pursuant to Rule 2(A) of the Court's Individual Practices, Defendant Gannon Ken Van Dyke writes to request a pre-motion conference regarding his anticipated motion to dismiss the Complaint (Dkt. 1). The allegations by the CFTC have already caused serious negative effects on Van Dyke's reputation, career, and family, and we are eager to show that these allegations are baseless. We therefore request, most respectfully, that the Court move this case forward as expeditiously as possible.

### Background

The CFTC chose to bring this action and filed the Complaint on April 23, 2026. The Complaint is unprecedented and raises multiple issues of first impression concerning the breadth of the Commodity Exchange Act ("CEA") and the CFTC's authority.

The Complaint alleges that from December 2025 through January 2026, Van Dyke engaged in a fraudulent and deceptive scheme in connection with the purchase and sale of event contracts traded on the prediction market known as Polymarket.com. Specifically, the Complaint alleges that Van Dyke—an enlisted member of the U.S. Army's Special Forces—fraudulently misappropriated confidential military information related to an operation to capture and arrest Venezuelan President Nicolás Maduro by purchasing certain event contracts on Polymarket.com. The Complaint further alleges that these event contracts "are swaps" within the meaning of Section 1a(47)(A)(ii) of the CEA "because they are settled based on the occurrence or non-occurrence of a specified future event with potential financial, economic, or commercial consequences." Complaint ¶27.

The Complaint ultimately alleges that Van Dyke violated Sections 4c(a)(3), 4c(a)(4)(C), and 6(c)(1) of the CEA, 7 U.S.C. §§ 6c(a)(3), 6c(a)(4)(C), 9(1), and Commission Regulation 180.1(a)(1), (3), 17 C.F.R. § 180.1(a)(1), (3) (2025). *See generally* Complaint at Counts 1-3. The CFTC seeks, *inter alia*, permanent injunctions against Van Dyke, disgorgement, restitution, and civil monetary penalties. Counts 1 through 3 in the Complaint are virtually identical to Counts 1 through 3 in the corresponding criminal indictment brought against Van Dyke. *See Unites States v. Van Dyke*, 26-cr-156 (S.D.N.Y.).

Hon. Andrew L. Carter, Jr.
July 6, 2026
Page 2 of 3

### **Anticipated Motion To Dismiss**

The following is not intended to summarize every anticipated argument Van Dyke will make in his anticipated motion, and Van Dyke – respectfully – reserves the right to supplement any motion to dismiss with any additional arguments as may be appropriate.  However, Van Dyke briefly summarizes below some of the main arguments he presently intends to raise in support of a motion to dismiss.

*The event contracts described in the complaint are not "swaps"*:

Counts 1 through 3 have similar requirements.  They essentially allege the use or misappropriation of, or use of a manipulative and deceptive device to profit from, confidential government information through the execution of "swap" transactions.  *See* 7 U.S.C. §§ 6c(a)(3), 6c(a)(4)(C), and 9(1).  Each of the counts as alleged requires that the event contracts at issue qualify as "swaps" within the meaning of the CEA.  Contrary to the CFTC's allegations, however, and considering the text, history, and purpose of the CEA, the event contracts at issue cannot qualify.

In support of the CFTC's theory, the Complaint cites 7 U.S.C. § 1a(47)(A)(ii).  That section defines "swap" to include "any agreement, contract, or transaction ... that provides for any purchase, sale, payment, or delivery (other than a dividend on an equity security) that is dependent on the occurrence, nonoccurrence, or the extent of the occurrence of an event or contingency associated with a potential financial, economic, or commercial consequence."  7 U.S.C. § 1a(47)(A)(ii).  But the event contracts at issue were merely geopolitical bets as to whether Maduro would be "out"—removed from power—at any point during a certain period.  Such geopolitical bets are not "swaps" subject to the Commodities Exchange Act, and transactions concerning such event contracts cannot serve as a basis for liability under 7 U.S.C. §§ 6c(a)(3), 6c(a)(4)(C), and 9(1).

Even if the Court ultimately deems the CEA ambiguous on this score, fair notice and due process concerns, as well as the rule of lenity, counsel a narrow reading in Van Dyke's favor.  *See United States v. Thompson/Ctr. Arms Co.*, 504 U.S. 505, 517 (1992); *United States v. Chestman*, 947 F.2d 551, 570 (2d Cir. 1991) (applying due process and lenity when interpreting SEC rules).  For one, no similar case has ever been brought, raising serious statutory and constitutional fair notice concerns regarding this action.

*Regulation 180.1 as relevant to Count 1 exceeds the CFTC's authority*:

7 U.S.C. § 9(1) of the CEA makes it unlawful for any person, directly or indirectly, to "use or employ … in connection with any swap … any manipulative or deceptive device or contrivance, in contravention of such rules and regulations as the Commission shall promulgate by not later than 1 year after [July 21, 2010, the date of enactment of the Dodd-Frank Wall Street Reform and Consumer Protection Act]."  The Complaint alleges that Van Dyke's actions in turn violated Regulation 180.1(a)(1), (3), 17 C.F.R. § 180.1(a)(1), (3) (2025).  That regulation provides, in part, that "[i]t shall be unlawful for any person, directly or indirectly, in connection with any swap …

Hon. Andrew L. Carter, Jr.
July 6, 2026
Page 3 of 3

to intentionally or recklessly: (1) Use or employ, or attempt to use or employ, any manipulative device, scheme, or artifice to defraud; … [or] (3) Engage, or attempt to engage, in any act, practice, or course of business, which operates or would operate as a fraud or deceit upon any person ….” *Id.*  The CFTC's promulgation of Regulation 180.1 exceeded the CEA's congressional grant of authority and cannot serve as a basis of liability in this case.

* * * *

Again, because the unprecedented allegations made by the CFTC have already caused enormous disruption to Van Dyke's life, we request, most respectfully, a pre-motion conference as early as the Court may allow to discuss this request, as well as a prompt briefing schedule.

Respectfully submitted,

_____
Teny Geragos, Esq.
Zach Intrater, Esq.
AGNIFILO INTRATER LLP

 /s/
_____
Mark J. Geragos, Esq.
Tina Glandian, Esq.
GERAGOS & GERAGOS APC

cc:    All counsel (via ECF and email)

3