# AGNIFILO
# INTRATER

---

July 21, 2026

**VIA ECF**

The Honorable Andrew L. Carter, Jr.
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    *CFTC v. Gannon Ken Van Dyke*, 1:26-cv-03369 (S.D.N.Y)

Dear Judge Carter:

We write on behalf of Defendant Gannon Ken Van Dyke in response to the Court's July 16, 2026 Order (Dkt. 28). As the Order noted, on July 8, 2026, the United States of America filed a motion to intervene in the case, seeking a stay of this matter. *See* Dkt. 21. The CFTC promptly joined the government's request and now asks the Court to delay consideration of Van Dyke's anticipated motion to dismiss until the criminal action is resolved. *See* Dkt. 27. We oppose both the government's motion and the CFTC's request to defer the anticipated pre-motion conference and motion to dismiss. We further request a formal briefing schedule to oppose the government's motion to stay.

The CFTC chose to file this action. It did so, clearly, in coordination with the criminal action. The indictment in the criminal action was unsealed on April 23, 2026. *See United States v. Gannon Ken Van Dyke*, No. 26 Cr. 156. The CFTC complaint was filed the same day. *See* Dkt. 1. The CFTC subsequently requested that Van Dyke waive service of process, which he promptly did. But despite expending government resources to file the complaint and move the case forward, the CFTC now claims that "the interests of efficiency and judicial economy" weigh in favor of staying the case. The CFTC is wrong.

The anticipated motion to dismiss concerns purely legal questions that this Court can and should resolve immediately. The Court should thus schedule the pre-motion conference. Such a conference and anticipated briefing would not prejudice the government in any way. The government's motion primarily complains about potential asymmetrical discovery resulting from civil discovery rules, but that is a premature complaint. Resolving the motion would result in no such prejudice—even if one accepts the government's dubious proposition that the exchange of discovery in this action would prejudice its criminal prosecution. Indeed, it is hard to believe that a criminal prosecution could be "prejudiced" from obtaining discovery from another government agency – especially an agency as critical to the criminal action as the CFTC.

Notably absent from the government's filing and the CFTC's letter is any discussion of the clear prejudice Van Dyke continues to suffer from the pendency of these proceedings. As noted in our pre-motion letter, this case has had serious negative effects on Van Dyke, his reputation, career, and family. And other proceedings against Van Dyke have not been put on hold, such as the pending military action against him. The government has not sought a stay of those proceedings,

140 BROADWAY, STE 4530 | NEW YORK, NY 10005 | WWW.AGILAWGROUP.COM

Hon. Andrew L. Carter, Jr.
July 21, 2026
Page 2 of 2

and Van Dyke continues to have to live with the ramifications of those proceedings. Van Dyke should be permitted to continue his defense on multiple fronts, and the agency that filed this case should not now consent to putting it on hold.

* * * *

Therefore, we request a pre-motion conference as early as the Court may allow. We further request a briefing schedule for opposing the government's motion to intervene and stay the case so that we may fully address the government's arguments.

Respectfully submitted,

Teny Geragos, Esq.
Zach Intrater, Esq.
AGNIFILO INTRATER LLP

/s/
Mark J. Geragos, Esq.
Tina Glandian, Esq.
GERAGOS & GERAGOS APC

cc:     All counsel (via ECF and email)

2