UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| COMMODITY FUTURES TRADING COMMISSION, Plaintiff, v. GANNON KEN VAN DYKE, Defendant. | No. 26-cv-3369 **DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE** |

Gannon Ken Van Dyke writes in response to the Court's July 23, 2026, Order to Show Cause (Dkt. 30).  While Mr. Van Dyke shares the Court's concern for the protection of his Fifth Amendment rights, a complete stay is neither necessary nor warranted.  As set forth below, the Court can fully safeguard Mr. Van Dyke's constitutional rights through a narrowly tailored stay limited to those matters that actually implicate the Fifth Amendment privilege, while permitting the balance of this action—including the threshold legal questions raised by his anticipated motion to dismiss—to proceed.  The CFTC made the decision to bring this action and to issue its press release publicly.  Mr. Van Dyke—who served this country honorably for nearly 20 years, but whose life has been turned upside down by the government's actions—should be entitled to clear his name immediately and remove the stain that the CFTC's choices have caused.  He should not be forced to wait.  There is no reason to defer the pre-motion conference concerning Mr. Van Dyke's anticipated motion to dismiss.  A motion to dismiss under Rule 12(b) tests the legal sufficiency of the Commission's Complaint on its face.  It presents purely legal questions and requires no discovery, no factual submissions, and no testimony from Mr. Van Dyke.  Because the motion draws solely on the allegations within the four corners of the pleading, it poses no conceivable threat to Mr. Van Dyke's Fifth Amendment privilege against self-incrimination.  Nor does the pre-

motion conference bear in any way on the United States's motion to intervene and to stay. The conference concerns the legal viability of the Commission's claims, an inquiry wholly independent of whether a stay is appropriate. Resolving the threshold legal issues now would streamline this litigation and may narrow or dispose of claims regardless of how the stay question is ultimately decided. Accordingly, the pre-motion conference should proceed on the ordinary course.

Mr. Van Dyke shares the Court's concern for the protection of his Fifth Amendment rights and has not waived his privilege against self-incrimination. He faces a genuine risk that compelled civil discovery on the overlapping conduct could burden that privilege. But that concern does not call for the "extraordinary remedy" of a complete stay. *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (quoting *Trs. of Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995)). The Second Circuit has repeatedly held that the Constitution "rarely, if ever" requires a stay of civil proceedings because that privilege can be protected by narrower means. *Id.*; *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("the Constitution . . . does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings" (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980) (en banc))). The appropriate course is not to halt the case altogether, but to tailor relief to the precise interest the Court seeks to protect.

The solution to the Court's concern is a limited, targeted stay rather than a wholesale suspension of this action. A district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That same inherent authority permits the Court to craft a stay narrowly, confining it to those aspects of the case—principally fact discovery directed at Mr. Van Dyke and any

proceedings that would compel testimonial submissions—that genuinely implicate his Fifth Amendment privilege, while permitting purely legal matters and fact matters that do not implicate Mr. Van Dyke's Fifth Amendment privilege to go forward.  Courts in this District frequently reject blanket stays in favor of tailored relief.  *See Louis Vuitton*, 676 F.3d at 99 (a stay of civil proceedings is "an extraordinary remedy" that must be justified by the particular circumstances and balanced against countervailing interests); *SEC v. Saad*, 229 F.R.D. 90, 92 (S.D.N.Y. 2005) (denying U.S. Attorney's motion to stay and permitting full document discovery and depositions of non-parties to proceed); *SEC v. Cioffi*, No. 08 Civ. 2457 (FB) (VVP), 2008 WL 4693320, *1 (E.D.N.Y. Oct. 23, 2008) (denying U.S. Attorney's motion for a blanket stay, finding that "Courts are justifiably skeptical of blanket claims of prejudice by the government where ... the government is responsible for the simultaneous proceedings in the first place"); *Sterling Nat'l Bank v. A-1 Hotels Intern., Inc.*, 175 F. Supp. 2d 573, 577–79 (S.D.N.Y. 2001) (declining to impose a broad stay and cautioning against reflexively subordinating civil litigation to criminal proceedings).

The balance of interests confirms that a limited stay, not a complete one, is the correct result, and it is telling that the party who chose to bring this case is not the party seeking to halt it. The Commission, not Mr. Van Dyke, initiated this civil enforcement action and invoked this Court's jurisdiction.  Having done so, the Commission should see its case through rather than take shelter behind the United States Attorney's Office's requested stay, which is not a party to the claims the Commission has asserted.  A plaintiff that elects to sue should not then complain when the defendant seeks to litigate the very claims it chose to file, and the Commission's apparent willingness to have this action suspended in its entirety underscores that no interest of its own compels a complete stay.  *See SEC v. Oakland Corp.*, 181 F.R.D. 269, 273 (S.D.N.Y. 1998) ("To use the federal courts as a forum for filing serious civil accusations that one has no intention of

pursuing until a parallel criminal case is completed is a misuse of the processes of these courts."). Mr. Van Dyke, by contrast, has a substantial interest in the prompt resolution of the legal challenges to the Complaint and in not having serious enforcement allegations hang over him indefinitely while the criminal matter runs its course. *See SEC v. Jones*, No. 04 Civ. 4385 (RWS), 2005 WL 2837462, *2 (S.D.N.Y. Oct. 28, 2005) (the defendant's "reputation and credibility have been called into question, and he deserves a timely opportunity to clear his name"). A tailored stay honors the Court's Fifth Amendment concern without sacrificing that interest or rewarding the Commission's effort to defer the consequences of its own filing decision.

Dated:    August 4, 2026
          New York, NY

 

_____
Teny Geragos, Esq.
Zach Intrater, Esq.
Jason A. Driscoll, Esq.
Daniela Manzi, Esq.
AGNIFILO INTRATER LLP

 

/s/
_____
Mark J. Geragos, Esq.
Tina Glandian, Esq.
GERAGOS & GERAGOS APC

*Attorneys for Defendant Gannon Van Dyke*